# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-0401** (Kanawha County 13-F-723)

**Chima Darlington Imoh, Defendant Below,
Petitioner**

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Chima Darlington Imoh, by counsel Lonnie C. Simmons and Olubunmi T. Kusimo-Frazier, appeals the Circuit Court of Kanawha County's February 25, 2014, order sentencing him to a combination of consecutive and concurrent terms of incarceration following his convictions on three counts of second-degree robbery and two counts of conspiracy. The State, by counsel Julie A. Warren, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his motion for judgment of acquittal because there was insufficient evidence to support his convictions.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, petitioner, along with Darius Leon Robbins, was indicted on multiple counts of first and second-degree robbery, in addition to several counts of conspiracy to commit these crimes. According to the indictment, the two men used a handgun on one occasion to rob an individual of a mobile phone and a pair of shoes, and used force and fear to rob victims of mobile phones, cash, and clothing items.

Prior to trial, petitioner moved for a separate trial from Mr. Robbins and for severance of offenses. Petitioner also filed a motion seeking to have the indictment dismissed on the basis of fraudulent grand jury testimony concerning whether or not he was a juvenile on the dates of the acts charged. The circuit court denied petitioner's motion for a separate trial, but later deemed Mr. Robbins incompetent to stand trial. The circuit court also denied the motion to dismiss the indictment; however, it also cured any defect by striking the first nine counts for having occurred prior to petitioner's eighteenth birthday. As such, the State was permitted to proceed on counts ten through fourteen only, which included three counts of second-degree robbery and two counts of conspiracy to commit second-degree robbery.

1

Petitioner's jury trial commenced in January of 2014. During trial, all three victims testified about the incidents for which petitioner was indicted.[1] C.B. testified that while walking in Charleston, West Virginia, he felt a tug on his hand, looked up, and saw someone had grabbed his phone. He saw petitioner and Mr. Robbins running away from him, and Mr. Robbins holding the victim's phone in his hand. C.B. yelled for the men to stop, at which point Mr. Robbins told him he would have to fight both men to get it back. C.B. said he did not want to fight and the two men walked away. Victims T.P. and J.Z. both testified that they were walking in Charleston, West Virginia, when they were approached by two men offering to sell them marijuana. The victims told the men "No," at which point the men asked if they could use the victims' phones. Both victims said no and that their phones were dead, but petitioner and Robbins told the victims it was an emergency, so the victims handed over their phones. At that point, Robbins told the victims that their phones "got copped" and he and petitioner walked away. The victims followed the men, at which point Robbins said that if they continued to follow them, he and petitioner would "beat [the victims'] ass." Ultimately, petitioner was found guilty of all counts. Thereafter, petitioner filed a motion for a new trial and a judgment of acquittal, which the circuit court denied.

In February of 2014, petitioner was sentenced to the following terms of incarceration: five to eighteen years for his conviction of second-degree robbery as contained in count ten; one to five years for his conviction of conspiracy to commit second-degree robbery as contained in count eleven, said sentence to run concurrent to his sentence for count twelve; five to eighteen years for his conviction of second-degree robbery as contained in count twelve, said sentence to run consecutive to the sentence for count ten; five to eighteen years for his conviction of second-degree robbery as contained in count thirteen, said sentence to run concurrent to his sentences for counts eleven and twelve; and one to five years for his conviction of conspiracy to commit second-degree robbery as contained in count fourteen, said sentence to run concurrent to his sentences for counts eleven, twelve, and thirteen. It is from the sentencing order that petitioner appeals.

Upon our review, we find that the circuit court did not err in denying petitioner's motion for judgment of acquittal because the evidence was sufficient to support his convictions. We have previously that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are

---

[1] All three victims were minors and, in keeping with this Court's policy of protecting the identity of minors, are referred to by their initials throughout this memorandum decision.

inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 4, *McBride v. Lavigne*, 230 W.Va. 291, 737 S.E.2d 560 (2012). Upon our review, the Court finds no error in this regard. Pursuant to West Virginia Code § 61-2-12(b), "[a]ny person who commits or attempts to commit robbery by placing the victim in fear of bodily injury by means other than those set forth in subsection (a) of this section . . . , is guilty of robbery in the second degree[.]" On appeal, petitioner erroneously argues that the State failed to establish the essential elements of this crime because none of the victims were placed in fear of bodily injury prior to their phones being taken. We find no merit in this argument.[2]

During trial, all three of the victims at issue testified that petitioner placed them in fear of bodily injury in order to take possession of their belongings. Specifically, C.B. testified that once his phone was taken from his hand, he yelled at petitioner and Mr. Robbins to stop, to which Mr. Robbins replied he would have to fight them for his phone. C.B. testified that he was "scared" because it was his belief that he would have had to fight both petitioner and Mr. Robbins if he wished to regain possession of his phone. Similarly, both T.P. and J.Z., who were robbed simultaneously, testified that when petitioner and Mr. Robbins approached them and asked to borrow their phones, they were apprehensive that if they did not give over possession of their phones that "something might happen" or that "something was going to go bad." Once petitioner and Mr. Robbins obtained possession of the victims' phones, they continued to use threats to dissuade the victims from regaining possession. According to J.Z., when he and T.P approached petitioner and Mr. Robbins, Mr. Robbins threatened that they would "beat [their] ass." As such, it is clear that the circuit court did not err in denying petitioner's motion for judgment of acquittal because the jury was presented with substantial evidence that petitioner used threats of bodily injury in order to commit robbery.

For the foregoing reasons, the circuit court's February 25, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2]Similarly, petitioner challenges the sufficiency of the evidence to support his conspiracy convictions, arguing that if the State failed to establish the elements of second-degree robbery with regard to the multiple counts of that crime, then he could not be guilty of conspiracy to commit the same. Because the Court affirms petitioner's convictions for second-degree robbery, we decline to find error in regard to petitioner's convictions for conspiracy to commit the same.